ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ELDA GONZÁLEZ SANTIAGO RECURRENTE v. CONSEJO DE TITULARES DEL CONDOMINIO SANTA RITA, JUNTA DE DIRECTORES DEL CONDOMINIO SANTA RITA, SHEILA CANDELARIO BARRETO-PRESIDENTA, MARICARMEN VARGAS VARGAS, SECRETARIA, MICHAEL ZARCONE CANDELARIO-TESORERO RECURRIDO | KLRA202500116 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor Querella Núm: C-SAN-2023-0015179 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2025.

Comparece la señora Elda González Santiago (señora González Santiago o recurrente) y nos solicita la revocación de la *Resolución en Reconsideración,* notificada el 30 de enero de 2024, por el Departamento de Asuntos del Consumidor (DACo o agencia recurrida).

Por los fundamentos que exponemos a continuación, confirmamos el dictamen administrativo recurrido.

**I.**

La presente causa inició el 24 de marzo de 2023 mediante la presentación de una *Querella* que la recurrente instó ante el DACo en contra del Consejo de Titulares; de la Junta de Directores del Condominio Santa Rita; de su Presidenta, la señora Sheila Candelario Barreto; de su Secretaria, la señora Maricarmen Vargas

Número Identificador

SEN2025_____

Vargas y de su Tesorero, el señor Michael Zarcone Candelario (en conjunto, los recurridos). En síntesis, la señora González Santiago solicitó la anulación de la Asamblea Extraordinaria celebrada el 23 de febrero de 2023 y los acuerdos allí realizados, por entender que, se incumplieron con los Artículos 49, 50, 51, 52 y 53 de la Ley Núm. 129-2020, conocida como la Ley de Condominios de Puerto Rico (Ley Núm. 129-2020).[1] Reclamó, además, que se le eximiera de cualquier pago a la licenciada Marimar Pérez Riera por los servicios legales rendidos durante la referida asamblea, los cuales no fueron presupuestados. Por último, solicitó que se le relevara de cualquier pago de costas, gastos de peritaje y honorarios en el trámite de este caso, y de los requerimientos del Artículo 65 de la Ley Núm. 129-2020, 31 LPRA sec. 1923j.[2]

Los recurridos acreditaron su *Contestación a Querella,* en la cual negaron las alegaciones.[3] Expusieron que, la querellante no ha pagado su cuota mensual debidamente establecida, el 23 de febrero de 2023, por la Asamblea del Condominio Santa Rita. Además, solicitaron al DACo una orden de cese y desista en contra de la recurrente. Lo antes, por presuntamente ella vender artesanías en su apartamento, a pesar de que la Escritura Matriz prohíbe realizar actividad comercial en el Condominio, siendo este de carácter residencial.

Evaluado lo antes, el DACo notificó una *Resolución Sumaria,* el 25 de enero de 2024. En esta, la agencia determinó lo siguiente:

> La querellante Elda González radicó la querella de epígrafe para impugnar la celebración de una asamblea extraordinaria. Ésta no incluyó con la querella una certificación de que no tiene ningún tipo de deuda con el Consejo de Titulares del Condominio Santa Rita, ya fuera por cuotas de mantenimiento, derramas, multas vencidas y/o primas de seguro. La querellante no estaba eximida de cumplir con tal requisito. Por lo cual, y conforme el Reglamento de Condominios, tal incumplimiento da lugar al cierre y archivo de la querella.[4]

---

[1] 31 LPRA secs.1922u, 1922v, 1922w, 1922x, 1922y.
[2] Apéndice, págs. 7-15.
[3] Apéndice, págs. 57-59.
[4] Apéndice, pág. 54.

Inconforme, la recurrente instó una solicitud de reconsideración ante el DACo. En ella, arguyó que, según la Orden Administrativa 2021-006, Sección III, la agencia estaba obligada a notificarle las deficiencias o ausencias de documentos y a proveerle un término para subsanar defectos, antes de desestimar su *Querella.* Aseguró que, al presentar su reclamación, no se había establecido una cuota de mantenimiento y, por tanto, no se había generado una deuda, toda vez que, en su *Querella* impugnó el primer presupuesto del Condominio.

Mediante una *Resolución en Reconsideración*, notificada el 1 de marzo de 2024, el DACo desestimó el petitorio de reconsideración de la señora González Santiago, por falta de jurisdicción. Insatisfecha, la recurrente acudió ante esta Curia (Recurso Núm. KLRA202400158) y, mediante una *Sentencia* emitida el 8 de julio de 2024, revocamos el referido dictamen y devolvimos el asunto a la agencia recurrida para que atendiera la reconsideración interpuesta por la recurrente. A esos efectos y evaluada la referida solicitud, el DACo notificó, el 30 de enero de 2025, la *Resolución en Reconsideración* aquí impugnada, en la cual, declaró no ha lugar a la solicitud de la señora González Santiago.

En la *Resolución en Reconsideración*, el DACo destacó que:

La querellante radicó la querella de epígrafe para impugnar la celebración de una asamblea extraordinaria y no para impugnar deuda alguna. Por lo que, independientemente de que su alegación de que la parte querellada no había aprobado presupuesto alguno o establecido cuota alguna la tomemos como cierta, ello no le impedía solicitarle al Consejo de Titulares una certificación sobre no deuda y cumplir con la presentación de dicha certificación al radicar la querella.
[…]
La querellante pudo haber incluido con su solicitud de reconsideración el documento para acreditar el cumplimiento con los requisitos para presentar la querella en el DAC[o], y así subsanar el error o falta. Sin embargo, no incluyó una certificación negativa de deuda con el Consejo de Titulares. Por lo que no subsanó la falta.
El 6 de septiembre de 2024 la querellante radicó en el DAC[o] una "Moción se tome conocimiento del mandato del TA y reafirmando reconsideración". En dicha moción la querellante incluyó como único anejo la copia de una página de la "Carta de trámite sobre mandato" del Tribunal de Apelaciones. Ésta no incluyó una certificación negativa de deuda con el Consejo de Titulares. Posteriormente, el 23 de enero de 2025 la querellante radicó en el DAC[o] una "Moción solicitando se cumpla con el mandato". La querellante

tampoco incluyó con la misma una certificación negativa de deuda ni anejó documento alguno a dicha moción.

Por todo lo cual, la querellante ha tenido la oportunidad de haber cumplido con la entrega del documento requerido de certificación negativa con el Consejo de Titulares, no solo con la presentación de su solicitud de reconsideración sino al presentar sus dos escritos posteriores, y no lo ha hecho. Siendo así, nos vemos inhabilitados para la continuación del proceso. Por lo cual, rechazamos la petición de la parte querellante de que se reabra la querella de epígrafe.

[…][5]

La señora González Santiago acude ante nos y señala los siguientes errores:

a. Erró el Departamento de Asuntos del Consumidor al desestimar la querella de la Sra. González al entender que la recurrente no cumplió con presentar prueba de que no tenía deuda ante el Consejo de Titulares, err[ó] al expresar que no estaba exenta de presentar certificación de no deuda y al no acoger la prueba en expediente que demuestra que no tenía deuda cuando present[ó] la querella.

b. Err[ó] el Departamento de [A]suntos del Consumidor al no considerar que se está impugnando desde la primera querella sometida por la recurrente, al igual que en esta de epígrafe, la legitimidad de la parte recurrida de llegar a acuerdos con sus votaciones.

c. Err[ó] el Departamento de Asuntos [del] Consumidor al aceptar el documento Contestación a Querella y demás mociones sometidas por quien se presenta como la representante legal de la parte recurrida, todas presentadas luego de emitirse Sentencia Sumaria y sin haber en el expediente moción alguna de representante legal asumiendo la representación de la parte recurrida.

d. Erró el DAC[o] al no atender el Memorando de Costas en Apelación a pesar de Elda González Santiago ser parte prevaleciente en el recurso de Revisión Administrativa KLRA202400158.

En su *Alegato en Oposición,* los recurridos reiteran que la recurrente no incluyó con su *Querella* una certificación de que no posee deudas con el Consejo de Titulares, infringiendo así la Regla 25 del Reglamento 9386, aprobado el 6 de junio de 2022. Argumentan que, la señora González Santiago no impugnó en la *Querella* una deuda con el Consejo de Titulares lo cual la eximía de presentar el referido documento. Señalan, además, que la señora González Santiago ha tenido múltiples oportunidades para subsanar dicha omisión, lo cual no ha hecho. Expusieron que, la factura que presentó la recurrente ante la agencia, en sustitución del certificado de no deuda, resulta ser insuficiente, toda vez que, la factura está limitada a la contribución mensual de mantenimiento,

---

[5] Apéndice, págs. 114-115.

sin contemplar posibles deudas por concepto de derramas, multas o primas de seguro.

Los recurridos destacaron, además, lo resuelto por un panel hermano de este Tribunal de Apelaciones (Recurso Núm. KLRA202400528). En esa ocasión, esta Curia advirtió a la recurrente sobre el requisito de presentar un certificado de no deuda, en cumplimiento con el reglamento de la agencia recurrida. Por entender que la señora González Santiago fue temeraria en la tramitación de ese pleito, nuestro panel hermano le impuso el pago de cuatrocientos dólares ($400.00) por concepto de honorarios de abogado. El referido dictamen fue objeto de revisión ante el Tribunal Supremo y el Alto Foro denegó la expedición del auto de *certiorari* (Caso Núm. AC-2025-0008), el 14 de febrero de 2025.[6]

Con el beneficio de las posturas de ambas partes, resolvemos.

## II.

### A. Revisión de Decisiones Administrativas

Sabido es que, una parte adversamente afectada por una orden o resolución final emitida por una agencia administrativa puede cuestionarla mediante un recurso de revisión judicial, luego de agotar los remedios provistos por el organismo correspondiente. *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros*, 2024 TSPR 64, resuelto el 18 de junio de 2024. A esos efectos, la Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las conclusiones de derecho de los organismos administrativos pueden ser revisadas por el Tribunal de Apelaciones en todos sus aspectos. *Otero Rivera v. Bella Retail Group, Inc. y otros,* 2024 TSPR 70, resuelto el 24 de junio de 2024.

---

[6] Cabe señalar que, está pendiente ante el Tribunal Supremo el petitorio de reconsideración que la señora González Santiago instó el 4 de marzo de 2025.

Sin embargo, los foros apelativos deben ser deferentes ante los dictámenes de las agencias administrativas en atención a la vasta experiencia y al conocimiento especializado que les ha sido encomendado. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Cabe señalar que, la tradicional deferencia cede cuando el ente administrativo haya actuado de manera irrazonable o ilegal, o que la interpretación administrativa conduzca a la comisión de una injusticia. *Íd.*

Análogamente, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 115 (2023). Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por ello, el Tribunal Supremo de Puerto Rico ha resuelto con igual firmeza que los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o, simplemente, contrarias a derecho. *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021); *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117 (2019).

Como se sabe, las agencias administrativas son en muchas ocasiones los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* supra. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.*

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera

irrazonable, arbitraria o ilegalmente; (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Torres Rivera v. Policía de PR,* 196 DPR 606, 628 (2016).

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra. Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581 (2020)*; Rebollo v. Yiyi Motors,* 161 DPR 69 (2004). De no identificarse y demostrarse otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra.

### B. Ley Núm. 129-2020 y el Reglamento Núm. 9386

El Artículo 65 de la Ley Núm. 129-2020, *supra,* establece como requisito para un titular impugnar una acción de la Junta de Directores o un acuerdo del Consejo de Titulares lo siguiente:

> [e]l titular que quiera impugnar una acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador o un acuerdo del Consejo de Titulares tendrá que demostrar que no tiene ningún tipo de deuda con el Consejo de Titulares y que entregó copia del documento mediante el cual adquirió su apartamento a la Junta de Directores. Será excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la deuda que alegadamente tiene.

Consistente con lo anterior, la Regla 25 del Reglamento Núm. 9386 dispone en el inciso II(6) que, el titular que interese impugnar una determinación, acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador, del Síndico o un

acuerdo del Consejo de Titulares deberá incluir como parte de su querella una "[c]ertificación de que no tiene ningún tipo de deuda con el Consejo de Titulares. Será excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la alegada deuda."

**III.**

En el recurso de epígrafe, la recurrente impugna la *Resolución en Reconsideración* que notificó el DACo, mediante la cual, denegó su petitorio de reconsideración. Lo antes, con el efecto de que, la agencia mantuvo en vigor la desestimación de la *Querella* que la señora González Santiago incoó en contra de los recurridos.

Luego de examinar sosegadamente el expediente ante esta Curia constatamos que, el DACo desestimó la *Querella* de epígrafe debido a que la recurrente omitió incluir junto a su reclamación un certificado negativo de deuda, que acredite que no tiene deuda alguna con el Consejo de Titulares. Este requerimiento surge, tanto del Artículo 65 de la Ley Núm. 129-2020, *supra,* como de la Regla 25 del Reglamento Núm. 9386, y aplica siempre y cuando la razón de querellarse no sea para cuestionar una alegada deuda con el Consejo de Titulares. Según reseñamos en el tracto procesal, el reclamo de la recurrente no es para cuestionar una presunta deuda con el Consejo de Titulares, sino para anular la Asamblea Extraordinaria del 23 de febrero de 2023 y los acuerdos allí logrados; para ser eximida de ciertos pagos de honorarios, costas, gastos de peritaje; y para ser relevada de cumplir con los requerimientos del Artículo 65 de la Ley Núm. 129-2020, *supra.*

Resulta evidente del expediente que, la recurrente ha tenido múltiples oportunidades, a lo largo de un año, para proveer el certificado negativo de deuda con el Consejo de Titulares, según lo requiere la normativa aplicable. Lejos de subsanar la referida omisión, la recurrente insiste en intentar justificar por qué debe ser eximida de producir el referido certificado, a pesar de que no cumple con la excepción que establecen las citadas disposiciones.

Fundamentado en lo anterior, resolvemos que, actuó correctamente el DACo al desestimar la *Querella* de epígrafe. Los errores señalados no se cometieron.

**IV.**

Por las razones antes expuestas, confirmamos la *Resolución en Reconsideración* del DACo, notificada el 30 de enero de 2025.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones